# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL MAX POWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-1149-G |
| | ) |
| JIM FARRIS, Warden, | ) |
| | ) |
| Respondent.[1] | ) |

## ORDER

Petitioner Samuel Max Powell, a state prisoner appearing through counsel, filed this action pursuant to 28 U.S.C. § 2254 seeking habeas relief from convictions of murder in the first degree, aggravated attempt to elude charges, and possession of a firearm after former conviction of two or more felonies in the District Court of Oklahoma County, Case No. CF-2015-301. The matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell issued a Report and Recommendation ("R. & R.," Doc. No. 21) on June 28, 2019, recommending that the Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) be denied.

Petitioner has filed a timely written Objection (Doc. No. 22). Thus, the Court must make a de novo determination of portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] The current warden of Petitioner's facility is hereby substituted as Respondent pursuant to Federal Rules of Civil Procedure 25(d) and 81(a)(4).

BACKGROUND

Petitioner seeks federal habeas relief based on: (1) insufficient evidence to support his conviction of first-degree murder; (2) the trial court's error in refusing to instruct the jury on the offense of accessory after the fact to murder; (3) the trial court's violation of Petitioner's Fourteenth Amendment rights by the admission of irrelevant and prejudicial evidence; (4) prosecutorial misconduct in violation of the Fourteenth Amendment based upon misstatements of the law; (5) ineffective assistance of trial counsel in violation of the Sixth Amendment; and (6) accumulation of error in violation of the Fourteenth Amendment. *See* Pet. at 5-11, 16; Pet'r's Br. in Support (Doc. No. 12) at 17-43; *see also State v. Powell*, No. CF-2015-301 (Okla. Cnty. Dist. Ct.).

In the R. & R., Judge Purcell sets out the factual and procedural background of this matter in detail. Petitioner does not object to Judge Purcell's recitation of the background set forth in the R. & R. and, therefore, it need not be repeated in its entirety here. Judge Purcell explains in detail in his 43-page R. & R. why Petitioner's claims lack merit, providing a careful examination of Petitioner's claims and supporting arguments in light of Respondent's Answer (Doc. No. 14), the relevant state-court record (Doc. No. 17), and governing legal standards. As a result of his thorough analysis of the issues raised in the Petition, Judge Purcell concludes that the existing record shows Petitioner is not entitled to federal habeas relief and recommends the Petition be denied. *See* R. & R. at 1-42.

DISCUSSION

Applying the applicable legal standards in light of the case record and controlling case law, the Court finds that Judge Purcell is correct in his conclusion that Petitioner has not shown a basis for federal habeas relief.

Petitioner first objects to Judge Purcell's conclusion that the Oklahoma Court of Criminal Appeals ("OCCA") adjudicated the merits of each of Petitioner's instant claims on direct appeal, such that the Court is require to "ensure a level of deference" to that court's determinations under 28 U.S.C. § 2254(d). *Williams v. Taylor*, 529 U.S. 362, 386 (2000) (internal quotation marks omitted); *see* R. & R. at 18 n.4, 21-22, 26-27, 29, 33-34, 36-37; Pet'r's Obj. at 1-2. Upon review of the OCCA's Summary Opinion (Doc. No. 14-3), and as detailed further below, the Court overrules this objection and finds that Judge Purcell is correct in his characterization of the OCCA's adjudication of Petitioner's claims on appeal. *See* OCCA Summ. Op. at 2-7 (addressing each of Petitioner's six claims on the merits and denying relief under each applicable standard of review).

The remainder of Petitioner's Objection largely restates his arguments on each of his grounds for relief, notes that Judge Purcell rejected these arguments, and asserts that he objects based on his restated arguments. *See* Pet'r's Obj. at 2, 3, 6, 11, 16, 19, 22, 26, 28-29. Petitioner primarily contends that Judge Purcell "conducted little analysis" or "made no effort" regarding various arguments, a criticism that is plainly incorrect. *Id.* The Court addresses Petitioner's specific challenges to the R. & R.'s reasoning in turn.

3

*A. Ground One*

With respect to Petitioner's challenge to the sufficiency of the evidence presented at trial (Ground One), the OCCA found that the evidence was "more than sufficient" to support the jury's verdict on the murder charge. OCCA Summ. Op. at 2. As recited in detail in the R. & R., there were numerous items of evidence and witness testimony presented to the jury that reasonably would support a finding of guilt on the substantive elements of first-degree murder under Oklahoma law, including causation. *See* R. & R. at 21, 23-26; *see also Coleman v. Johnson*, 566 U.S. 650, 655 (2012) ("[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))).

Although Petitioner points to other conclusions that could be drawn from the evidence presented, the possibility that a juror could have accepted Petitioner's version of events is insufficient: "when faced with a record of historical facts that supports conflicting inferences the court must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution." *Matthews v. Workman*, 577 F.3d 1175, 1184 (10th Cir. 2009) (alteration and internal quotation marks omitted). "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993). And Petitioner's objection that the brevity of the OCCA's discussion renders its decision unreasonable

4

under § 2254(d) is meritless, as "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

Accordingly, the Court concurs with Judge Purcell that the OCCA's rejection of this claim was neither an unreasonable application of the governing *Jackson* standard nor based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1), (2).

B. *Ground Two*

As to Ground Two, the state court's failure to instruct the jury on the offense of accessory after the fact to murder, the trial court denied defense counsel's request for such an instruction. *See* III Trial Tr. 135-36 (Doc. No. 17). Petitioner does not dispute Judge Purcell's conclusion that federal habeas relief does not lie for "a state court's failure, in a non-capital case, to give a lesser included offense instruction." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Petitioner nevertheless argues that he was entitled to an instruction on accessory to murder, not because it is a lesser-included offense of first-degree murder but because accessory was his "theory of defense," and, thus, the trial court's ruling deprived him of his right to due process. Pet'r's Obj. at 11-16; *see id.* at 8-9, 11-16 (arguing that Petitioner's "theory of the case" was that he did not fire the weapon that killed the victim, but merely aided the shooter after the crime was committed, and that "his conduct constituted the crime of accessory after the fact"). Contrary to Petitioner's assertion, the OCCA expressly recognized and rejected this due process argument. *See* OCCA Summ. Op. at 1-2 (noting that Petitioner's appellate argument that the trial court's

5

refusal to instruct on accessory "deprived [Petitioner] of his constitutional right to present a defense"); *id.* at 3 ("Instructions on a lesser-related offense *or other theory of defense* are properly refused if there is insufficient evidence to support them." (emphasis added) (citing *Ball v. State*, 173 P.3d 81, 89 (Okla. Crim. App. 2007))).

The resulting question in this proceeding is whether the trial court's failure to issue an accessory instruction "had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995). The issue is "not whether the instruction is undesirable, erroneous, or even universally condemned, but whether the instruction so infected the trial that the resulting conviction violates due process." *Id.* (internal quotation marks omitted). "An omission . . . is less likely to be prejudicial than a misstatement of the law." *Id.* (internal quotation marks omitted). "The degree of prejudice from the instruction error must be evaluated in the context of the events at the trial." *Id.*

As a threshold matter, the trial court's finding that there was insufficient evidence to warrant giving the instruction is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). *See Bryson v. Ward*, 187 F.3d 1193, 1207 (10th Cir. 1999). And the record supports this finding. Petitioner cites his own testimony—in which "[h]e denied shooting at the red car" and "denied any knowledge that [his passenger] was going to do so," Pet'r's Obj. at 9 (citing III Trial Tr. 76)—but a defendant's "statements concerning the homicide are sufficient to warrant a jury instruction only if those statements are supported by other evidence at trial." *Eizember v. State*, 164 P.3d 208, 236 (Okla. Crim. App. 2007). In addition, as relevant here a required element of the offense of being an accessory to a felony

6

under Oklahoma law is that the defendant conceals or aids the offender "with the intent that the offender" avoid arrest. Okla. Unif. Crim. Jury Instruction No. 2-2. Petitioner testified that, to the contrary, he fled the scene for his own purposes—i.e., he was a convicted felon with no driver's license who had been drinking in a car that contained guns. *See* III Trial Tr. 72-73 ("I'm an ex-felon, . . . I mean, I bolt.").

Further, even assuming the evidence supported giving the accessory instruction, Petitioner has not shown that the trial court's failure to give his requested instruction resulted in a fundamentally unfair trial. *See Maes*, 46 F.3d at 984-85 ("[F]ailure to give [an] appropriate theory-of-defense instruction, without more, is not a due process violation[.]" (citing *Frey v. Leapley*, 931 F.2d 1253, 1255 (8th Cir. 1991))). Significantly, Petitioner testified at length regarding his version of the shooting and the events that followed. *See* III Trial Tr. 65-73, 85-89, 101-07. The jury was directed to consider all the "external circumstances" surrounding the homicide and that "[m]ere presence at a scene of a crime" does not make a person a principal to the crime. Original Record (Doc. No. 17) at 169, 176. The OCCA's denial of relief on this ground was not contrary to or an unreasonable application of clearly established federal law.

C. *Ground Three*

For Ground Three—Petitioner's challenge to the admission of a Mossberg shotgun and related testimony at trial—the pertinent question for federal habeas purposes is whether the admission of this evidence rendered his trial "fundamentally unfair," violating his due process rights. *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). The R. & R. appropriately and adequately examined "the record as a whole" in considering the effect

7

of the allegedly improper evidentiary ruling. *Id.* at 1000; *see* R. & R. at 31-32. Petitioner's argument that admission of the shotgun was unduly prejudicial is significantly undermined by a State witness's concession to the jury that there was no direct evidence establishing the shotgun was the murder weapon. *See* II Trial Tr. 130. In the context of the entire trial, Petitioner has failed to establish that the admission of the Mossberg shotgun rendered his trial fundamentally unfair or otherwise warrants federal habeas relief.

D. *Ground Four*

In Ground Four, Petitioner claims that the prosecutor in his trial misstated the law during closing arguments (specifically the required elements to prove guilt as an aider and abettor on the murder charges) and thereby deprived Petitioner of his right to due process. *See* Pet'r's Obj. at 19-22 (citing IV Trial Tr. at 21, 24, 55). In this context, "a prosecutor's improper remarks require reversal of a state conviction only if the remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)). This "high hurdle" is made "even higher" by Petitioner's burden to "show that the OCCA's rejection of his claim was unreasonable under § 2254(d)." *Dodd v. Trammell*, 753 F.3d 971, 991 (10th Cir. 2013) (internal quotation marks omitted).[2]

---

[2] On direct appeal, Petitioner raised this Fourteenth Amendment due process argument, as well as a challenge on state-law grounds. The OCCA applied plain-error review and denied relief. *See* OCCA Summ. Op. at 3-4. This determination was an adjudication on the merits "to the extent that the [OCCA] f[ound] the claim lack[ed] merit under federal law." *Douglas v. Workman*, 560 F.3d 1156, 1171 (10th Cir. 2009).

8

Contrary to Petitioner's assertions, the prosecutor's comments regarding the sequence of events surrounding the murder—e.g., "But for the defendant speeding up his car, cutting across lanes of traffic and getting even with [the victim], the ability to shoot [the victim] that night is not even there."—were a permissible "argu[ment] to the jury that it should draw reasonable inferences from the evidence to support the government's theory of the case." IV Trial Tr. 21; *United States v. Dazey*, 403 F.3d 1147, 1170 (10th Cir. 2005); *see Hooper v. Mullin*, 314 F.3d 1162, 1172 (10th Cir. 2002); *cf. Littlejohn v. Trammell*, 704 F.3d 817, 838 (10th Cir. 2013) ("Not every . . . unfair remark made by a prosecutor will amount to a federal constitutional deprivation." (alteration and internal quotation marks omitted)). The jury was correctly instructed on aiding and abetting and on the elements that must be proven by the State, including the applicable burden of proof and the requirement that an aider and abettor must act "knowingly and with criminal intent." OR 175; *see also id.* at 148, 167, 169, 176-77, 179-80. Petitioner has not shown that the challenged comments worked any denial of fundamental fairness into the trial proceedings or that the OCCA's rejection of this claim was unreasonable. *Cf. Delgado v. Barreras*, No. 97-2007, 1997 WL 785525, at *2 (10th Cir. Dec. 22, 1997) (rejecting habeas claim based on prosecutorial misconduct where "the defense made no objection" and therefore any prejudice was not amplified by an objection being overruled).

E. *Ground Five*

In Ground Five, Petitioner alleges ineffective assistance of trial counsel based on his attorney's failure to: (1) cite case law to support his request at trial for an accessory instruction; (2) object to the prosecutor's disputed comments during the State's closing

9

statements; and (3) object to introduction of hearsay statements associated with the Mossberg shotgun (admitted as evidence over defense counsel's relevance objection).

Under *Strickland v. Washington*, claims of ineffective assistance of counsel are analyzed under a two-prong test. First, a petitioner "must show that counsel's performance was deficient." *Strickland*, 466 U.S. 668, 687 (1984). To satisfy this prong, Petitioner must show that his attorney's conduct was "outside the wide range of professionally competent assistance." *Id.* at 690 ("[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."). With respect to the second prong of the analysis, Petitioner must show that "but for counsel's unprofessional errors," "there is a reasonable probability that . . . the result of the proceeding would have been different." *Id.* at 694. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

The OCCA found that trial counsel's performance was neither deficient nor prejudicial under *Strickland*. Upon review of the record, the Court agrees with Judge Purcell that the OCCA's conclusion was not an unreasonable application of federal law.

Regarding the jury instruction, Petitioner's trial counsel referenced supporting testimony and clearly indicated to the court that he sought an accessory instruction as part of the theory of defense. *See* III Trial Tr. 135-36. Such an argument was not outside the

bounds of competent representation even absent citation to specific case law.  In addition, as outlined above, Petitioner cannot show he was prejudiced by the failure to give the instruction, given the evidence reflecting that Petitioner was involved in the murder during its commission and given Petitioner's own testimony; for the same reasons, Petitioner has not shown "that there was prejudice as a result" in the sense required by *Strickland*. *Harrington*, 562 U.S. at 104.  Regarding the prosecutorial misconduct, the Court found above that Petitioner was not entitled to habeas relief based upon the prosecutor's comments.  Petitioner "is likewise not entitled to relief on this claim of ineffective assistance of trial counsel."  *Glossip v. Trammell*, 530 F. App'x 708, 739 (10th Cir. 2013); *accord Hanson v. Sherrod*, 797 F.3d 810, 837 (10th Cir. 2015).

With respect to the alleged hearsay testimony, the Court disagrees that the challenged statement was clearly inadmissible under Oklahoma law.  A detective testified that he told a man that police were looking for a shotgun that was involved in the murder and the man responded, "I believe I know what shotgun you're talking about."  II Trial Tr. 125.  When reviewed in context, the statement is most reasonably understood to show how the detective came into possession of the shotgun, not to prove the truth of an assertion that the shotgun was the murder weapon.  *See id.* at 125-28.  The same detective agreed on the stand that "there was no evidence that this specific shotgun was the one related to the shooting."  *Id.* at 130.  Accordingly, the Court does not find that defense counsel's failure to object was outside the bounds of professional competence.  *See Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) ("[I]f the [omitted] issue is meritless, its omission will not constitute deficient performance."); *see also Fox v. Ward*, 200 F.3d 1286, 1295 (10th

Cir. 2000) ("To demonstrate constitutional deficiency, [the petitioner] must show that counsel's performance was completely unreasonable, not simply wrong.").

### F. Ground Six

Finally, in Ground Six Petitioner argues that the accumulation of errors in this case deprived him of due process. Contrary to Petitioner's assertion, the OCCA adjudicated this claim, denying relief on the basis that no error had occurred and thus there was "no accumulation of prejudicial effect." OCCA Summ. Op. at 4. The Tenth Circuit has held that "when a habeas petitioner raises a cumulative error argument under due process principles the argument is reviewable because Supreme Court authority clearly establishes the right to a fair trial and due process." *Bush v. Carpenter*, 926 F.3d 644, 686 (10th Cir. 2019) (internal quotation marks omitted). To be entitled to cumulative-error review, however, a petitioner must establish "two or more actual errors"; such review "does not apply . . . to the cumulative effect of non-errors." *Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885, 915 (10th Cir. 2019) (internal quotation marks omitted). Because Petitioner has not established the existence of two or more constitutional errors, it cannot be concluded that the OCCA's rejection of the claim was contrary to or an unreasonable application of clearly established federal law.

## CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. No. 21) is ADOPTED in its entirety. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

IT IS SO ORDERED this 28th day of March, 2022.

_____
CHARLES B. GOODWIN
United States District Judge